IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:06-CT-3140-FL

| | | |
|---|---|---|
| KENDALL ANTRONE TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SHERIFF WHITE, MS. PENDERGRASS, | ) | |
| SGT. HIGHTOWER, OFFICER HARGROVE, | ) | |
| and OFFICER HENRY, | ) | |
| | ) | |
| Defendants. | ) | |

The matter is before the court on the motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and leave to amend his complaint pursuant to Rule 15 (DE # 80) filed by plaintiff Kendall Antrone Taylor. Defendant Ronald Hargrove timely responded and no reply was filed. In this posture, the issues raised are ripe for adjudication. For the following reasons, plaintiff's motions are granted.

## STATEMENT OF THE CASE

On December 27, 2006, plaintiff, a pretrial detainee, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff alleged that defendants Hightower, Henry, and Hargrove failed to protect him from inmate-on-inmate violence in violation of the Fourteenth Amendment of the United States Constitution.[1] Plaintiff also alleged that these defendants were

---

[1] Plaintiff is a pretrial detainee. Confinement conditions of pretrial detainees are to be evaluated under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). However, as a practical matter, the contours of the Due Process Clause are coextensive with the
(continued...)

deliberately indifferent to his conditions of confinement because they placed him in an environment which was not properly staffed. Finally, plaintiff alleged that defendant Henry was deliberately indifferent to his medical needs in violation of the Fourteenth Amendment because defendant Henry delayed taking him to the hospital for five hours following the alleged assault against him.

On June 15, 2007, upon conducting frivolity review, the court noted that plaintiff stated in his complaint that he failed to exhaust his administrative remedies for his claims. The court then allowed plaintiff fifteen (15) days to provide an explanation for this failure. Plaintiff informed the court on June 27, 2007, that there were no administrative remedies available at his place of incarceration, Vance County Jail. By order entered July 24, 2007, the court ruled that plaintiff's claim would not be dismissed for failure to exhaust administrative remedies. The court thereafter conducted a frivolity review of plaintiff's claims and allowed them to proceed.

On April 7, 2008, defendants filed a motion for summary judgment, arguing that plaintiff's claims were without merit. Plaintiff filed a response on April 16, 2008. On February 12, 2009, this court entered an order granting in part and denying in part defendants' motion for summary judgment. The court granted defendants' motion as to all claims with the exception of plaintiff's failure to protect from violence claim against defendant Hargrove. The court dismissed plaintiff's failure to protect from violence claim against defendants Hightower and Henry and his deliberate indifference claim against defendant Henry for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The court also denied plaintiff's motion to

---

¹(...continued)
substantive constitutional principles applied by the Eighth Amendment to convicted inmates. See Riley v. Dorton, 115 F.3d 1159, 1166-67 (4th Cir. 1997), abrogated on other grounds by Wilkins v. Gaddy, 130 S.Ct. 1175 (2010); Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992).

appoint counsel and denied as premature plaintiff's motion for medical records, which were also pending at that time.

On March 9, 2009, defendant Hargrove filed a second motion for summary judgment, arguing that plaintiff failed to exhaust his administrative remedies for his remaining claim against defendant Hargrove. Plaintiff filed an affidavit in opposition on March 17, 2009, and defendant Hargrove filed a reply on March 31, 2009. On June 18, 2009, this court granted in part and denied in part defendant Hargrove's second motion for summary judgment. The court granted defendant Hargrove's motion as to plaintiff's official capacity claim against him, but denied his motion on the remaining grounds. On July 17, 2009, defendant Hargrove filed a third motion for summary judgment, asserting qualified immunity. Plaintiff filed a response, and defendant Hargrove replied. On November 25, 2009, this court entered an order denying defendant Hargrove's motion for summary judgment, and denying as moot plaintiff's then-pending motion to proceed to a jury trial.

On February 11, 2010, plaintiff filed a motion to set aside judgment pursuant to Rule 60(b), seeking relief from this court's February 12, 2009, order granting summary judgment. Plaintiff requests that this court reconsider its dismissal of his Eighth Amendment claims alleging a lack of adequate supervision. Plaintiff also requests that this court permit him to amend his complaint to include state law negligence claims based upon a lack of adequate supervision. Defendant Hargrove filed a response to plaintiff's motion on March 8, 2010.

## STATEMENT OF THE FACTS

The facts as alleged in the complaint and plaintiff's affidavit are as follows. On November 3, 2006, plaintiff was arrested and incarcerated in the Vance County Jail. Plaintiff initially was placed in "B block." Plaintiff then was moved to the "Old Jail" in the "G block."

3

Case 5:06-ct-03140-FL   Document 86   Filed 07/06/10   Page 3 of 9

Plaintiff alleges that, on November 6, 2006, as defendant Hargrove was passing out food trays, a juvenile member of the "blood" gang tried to take his food tray, and an argument ensued. Plaintiff further states that he refused to allow the juvenile to take his food tray, and that the juvenile responded by beating plaintiff for an hour and a half. During this time plaintiff was repeatedly beaten, causing severe injuries to his face and body, including profuse bleeding. Plaintiff states that defendant Hargrove returned to check on him at the end of his shift. Plaintiff further states that defendant Hargrove observed his condition and left for the day without providing him assistance. After defendant Hargrove left, plaintiff claims that the gang members resumed their assault on plaintiff.

Plaintiff asserts that when defendant Hargrove's shift ended, he was replaced by defendants Hightower and Henry. When these defendants started their shift, they came into contact with plaintiff. Plaintiff claims that defendant Hightower threatened him with an assault, but that defendant Henry intervened and stated that they needed to remove plaintiff to the medical unit.

## DISCUSSION

A.   Reconsideration of Previous Order

A motion for relief from judgment pursuant to Rule 60(b) applies only to final orders. See Fed. R. Civ. P. 60(b) ("[T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding . . ."); Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469-70 (1991). Rule 60(b) is therefore not applicable where, as here, the order plaintiff contests is an entry of partial summary judgment. Instead, where the entry of partial summary judgment fails to resolve all of the issues of an action, Federal Rule of Civil Procedure 54(b) governs a motion for reconsideration. Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th

4

Cir. 2003). Therefore, this court will construe plaintiff's Rule 60(b) motion as a Rule 54(b) motion for reconsideration. See, e.g., Fayetteville Investors, 936 F.2d at 1469-70.

Pursuant to Rule 54(b), in the absence of an express order directing final judgment as to certain claims or parties:

> [A]ny order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed.R.Civ.P. 54(b). Under this rule, "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." Am. Canoe Ass'n, 326 F.3d 505 at 514-515. Motions for reconsideration under Rule 54(b) are not subject to the same "strict standards" applicable to motions under Rule 60(b). Id. at 514. Rather, the resolution of such motions is "committed to the discretion of the district court." Id. at 515. In exercising its discretion, the court may look to the general principles of Rule 60(b), but is not bound by them. See Fayetteville Investors, 936 F.2d at 1470.

In his motion, plaintiff asks this court to reconsider the portion of its February 12, 2009, order granting summary judgment for defendants on his claims that defendants were deliberately indifferent to his conditions of confinement because they placed him in an environment which was inadequately supervised. In that order, this court stated:

> Plaintiff has not demonstrated that the Vance County Jail was understaffed. Moreover, even if the jail was understaffed, plaintiff has not demonstrated that defendants were aware of this fact and disregarded it. On the contrary, defendant White submitted an affidavit stating that the Vance County Jail had a full staff on November 6, 2006, the date plaintiff allegedly was assaulted. (Def.'s

5

> Mem. White Aff. ¶ 7 and Ex. A.) Defendant White stated that the officers on duty were responsible for supervising the entire jail, including the portion plaintiff refers to as "the old side" of the jail. (Id.) Defendant White further stated that there are no documents or notes reflecting any problems with security due to understaffing or lack of supervision on November 6, 2006. (Id.) Additionally, plaintiff's own allegations support the fact that the old portion of the jail was supervised on November 6, 2006. For instance, plaintiff stated that defendant Hargrove was present in the old portion of the jail when plaintiff was assaulted. (Resp. to Def.s' Mem. p. 2.) Plaintiff further stated that defendants Hightower and Henry were present in the old portion of the jail after defendant Hargrove's shift ended. (Id.)
>
> Plaintiff has not presented evidence that any defendant knew that Vance County Jail was understaffed on November 6, 2006, or that he/she disregarded this known risk. Rather, the evidence in the record shows that during the relevant time period, Vance County Jail was appropriately staffed and that there was no known security risk. Accordingly, plaintiff has not demonstrated that defendants acted with deliberate indifference with regard to the staffing and security of Vance County Jail. Because there is no constitutional violation, defendants are entitled to the defense of qualified immunity for this claim.

Taylor v. White, No. 5:06-CT-3140-FL, slip op. at 6-7 (E.D.N.C. Feb. 12, 2009).

Plaintiff now is before the court asserting that he is in possession of newly discovered evidence, which was not previously available, that raises a genuine issue of material fact with regard to whether G-block was adequately supervised on November 6, 2006. Plaintiff further argues that failure to consider the new evidence would result in manifest injustice. This evidence consists of a "Download Report," recently obtained in the course of discovery,[2] that appears to be an electronic

---

[2] The Download Report was not turned over following plaintiff's initial discovery requests. Plaintiff alleges that defendant White misrepresented that there were no documents or notes reflecting any problems with security due to understaffing or lack of supervision on November 6, 2006. Defendant contends that he failed to disclose the report because plaintiff did not adequately conduct discovery by timely serving defendants with discovery requests. The court finds that plaintiff, proceeding *pro se* during the time of the initial discovery period, acted with proper diligence in obtaining discovery materials and that the newly discovered evidence is now properly before the court.

record of jailers' rounds in specific sections of the jail. The Download Report indicates that from 12:01 a.m. on November 6, 2006, through 8:06 p.m. on November 7, 2006, the electronic system for recording jailers rounds did not record any information for the G-block portion of the jail where the alleged assault on plaintiff occurred. (Pl.'s Mot. Ex. 1.)

Plaintiff contends that the Download Report is evidence that the G-block was not adequately supervised on November 6, 2006, the date of plaintiff's alleged assault. Defendants assert in response that the Download Report alone is not sufficient to alter the outcome of this court's previous decision on the conditions of confinement claim regarding supervision of G-block on the date in question because plaintiff's own assertions contradict such a finding. For instance, plaintiff admits that defendant Hargrove was present in G-block of the jail when he was assaulted and that defendants Hightower and Henry were present in G-block of the jail after defendant Hargrove's shift ended. However, the court finds that plaintiff's statements are not determinative of his claim because he is alleging inadequate supervision, not an absence of supervision. Plaintiff's statements alone do not conclusively preclude a conditions of confinement claim based upon inadequate supervision of G-block on the date in question.

Defendants also assert that the written prison log for November 6, 2006, belies plaintiff's argument and demonstrates that G-block was adequately supervised. However, regardless of whether there is evidence contradicting the Download Report, the court finds that the existence of the report creates a genuine issue of material fact with respect to the manner in which the G-block was supervised on the date in question.

Based upon the foregoing, the court finds that the failure to consider the new evidence would create a manifest injustice, and that, in the light of the new evidence presented, there is a genuine

7

issue of material fact with regard to whether the G-block was adequately supervised on the night of November 6, 2006. Accordingly, the court VACATES the portion of its February 12, 2009, order which granted defendants' motion for summary judgment on plaintiff's inadequate supervision claim. Defendants White, Pendergrass, Hightower, and Henry are REINSTATED as defendants in this action.[3]

B.   Leave to Amend

Plaintiff also seeks leave to amend his complaint. A party may amend a pleading once as a matter of right. Fed. R. Civ. P. 15(a). After a responsive pleading has been filed, a party may amend his pleading only by leave of court, which shall be given when justice so requires. Id. Because defendants have filed an answer in this case, plaintiff requires leave to amend.

"In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). Plaintiff states that an amended complaint is necessary to add state law claims based upon a theory of negligence. Based upon a review of this matter, the court finds that it is in the interest of judicial economy to allow plaintiff to amend his complaint. Moreover, the court finds no bad faith, dilatory motive, undue prejudice, or futility in amendment. Therefore, plaintiff's request for leave to amend is GRANTED.

---

[3] These defendants are reinstated only as to the inadequate supervision claim. In its February 12, 2009, order, the court noted that defendants Hightower and Henry "were not at Vance County Jail when [Taylor] was placed in the old portion of the jail or when he was assaulted." Taylor v. White, No. 5:06-CT-3140-FL, slip op. at 8 n.5 (E.D.N.C. Feb. 12, 2009). That portion of the court's order dealt with plaintiff's failure to protect from inmate-on-inmate violence claim. The court finds that the evidence in the record is not sufficient at this time to dismiss plaintiff's inadequate supervision claim against defendants Hightower and Henry.

8

## CONCLUSION

For the foregoing reasons, the court GRANTS plaintiff's motion for reconsideration and for leave to amend (DE # 80). Accordingly, the court VACATES the portion of its February 12, 2009, order (DE # 57), which granted defendants' motion for summary judgment on plaintiff's inadequate supervision claim. Defendants White, Pendergrass, Hightower, and Henry are REINSTATED as defendants in this action. Plaintiff is DIRECTED to file his amended complaint within fourteen (14) days from date of entry of this order.

SO ORDERED, this the 3rd day of July, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

9