| | | |
|---|---|---|
| KENDALL ANTRONE TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SHERIFF WHITE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

The matter is before the court on the motion to dismiss plaintiff's request for injunctive relief (DE # 98) filed by defendants Sheriff Peter White, Ronald Hargrove, Bennett Hightower, and Norville Henry (collectively, "Vance County defendants"). Also before the court is plaintiff's motion to amend his complaint (DE # 102). The Vance County defendants filed a response to plaintiff's motion to amend, and plaintiff filed a reply.[1] These matters are ripe for adjudication. For the following reasons, the motions are granted.

On August 17, 2010, the Vance County defendants filed a motion to dismiss plaintiff's request that the court order "Defendant Sheriff White to improve the Vance County Jail's facilities, policies, and procedures to better ensure the safety and security of the jail's detainees." (Am. Compl. at 13.) The Vance County defendants assert that plaintiff's request for injunctive relief now is moot because plaintiff has been transferred out of the Vance County Jail. Plaintiff responded that he does

---

[1] Plaintiff incorporated, into his reply brief, a memorandum of law in support of his motion to amend. The court finds that plaintiff's motion now complies with Local Civil Rule 7.1(d), which requires that all motions be accompanied by a supporting memorandum.

not oppose the Vance County defendants' motion. Thus, the motion to dismiss plaintiff's request for injunctive relief is GRANTED.

The court now turns to plaintiff's motion to amend his complaint. Plaintiff seeks to substitute defendant Western Surety Company for defendant CNA Surety. Pursuant to Federal Rule of Civil Procedure 15, a plaintiff may amend a pleading before trial as a matter of course within twenty-one (21) days of service, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Plaintiff filed his motion to amend more than twenty-one (21) days after the answer was filed. Accordingly, plaintiff must have leave of court to amend his complaint. Leave to amend should be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999).

The Vance County defendants oppose plaintiff's motion to amend, arguing that plaintiff failed to establish good cause to amend his complaint and scheduling order. Federal Rule of Civil Procedure 16(b)(4) states that "a schedule may be modified only for good cause and with the judge's consent." Plaintiff states that he contacted the Vance County Manager's Officer and requested the name of the Vance County Sheriff's surety prior to filing the amended complaint. Plaintiff states that the Vance County Manager's Office informed him that the Sheriff's surety company was CNA Surety. On August 17, 2010, the Vance County defendants answered plaintiff's amended complaint, and denied that CNA Surety was the Sheriff's surety company. (Answer at 2.) Plaintiff subsequently discovered that Western Surety Company, a subsidiary of CNA Surety, holds the Vance County Sheriff's bond.

2

Based upon these facts, the court finds that plaintiff has established good cause pursuant to Rule 16(b)(4) to extend the scheduling order. Moreover, the court finds that the Vance County defendants would not be prejudiced by the court allowing plaintiff to amend his complaint. Further, plaintiff has not acted in bad faith and the amendment would not be futile. Thus, the court also finds good cause to allow plaintiff to amend his complaint pursuant to Rule 15.

Accordingly, for the reasons set forth above, the Vance County defendants' motion to dismiss plaintiff's request for injunctive relief (DE # 98) is GRANTED, and plaintiff's motion to amend (DE # 102) is likewise GRANTED.

SO ORDERED, this the 5 day of November, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

3